UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

ZSA ZSA MILLINGTON,

                          Plaintiff,

-against-                              **MEMORANDUM & ORDER**
                                                         08 CV 03443 (RJD)
RICHARD WRIGHT; JENNIFER BEARE;
C.T.A. and administrator RICHARD WRIGHT;
Executrix JENNIFER BEARE; ESTATE OF
LEATRICE HARRIS,

                          Defendants.
———————————————————————X

DEARIE, Chief Judge:

On August 15, 2008, plaintiff filed this *pro se* action alleging defamation, libel and slander. By Order dated March 31, 2009, the Court dismissed the complaint for lack of subject matter jurisdiction because, even interpreting plaintiff's pleadings as raising the strongest arguments they suggested, plaintiff failed to allege a basis for the exercise of this Court's subject matter jurisdiction. However, in an abundance of caution and in deference to plaintiff's *pro se* status, the Court granted plaintiff thirty days to amend her complaint to allege a basis for the exercise of this Court's subject matter jurisdiction, and to satisfy the minimal filing requirements of Fed. R.Civ. P. 8. On April 30, 2009, plaintiff submitted a timely amended complaint. However, since the amended complaint also fails to provide a basis for the exercise of this Court's jurisdiction, the action is dismissed for the reasons set forth below.

<u>Subject Matter Jurisdiction</u>

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The subject-

1

matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship"and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

As stated in the Court's previous order, plaintiff is a defendant and counter-claimant in a pending action in this Court, Harris v. Millington, 08-CV-3391, in which defendants Wright and Beare named herein are also parties. That action concerns the estate of Leatrice Harris and property held by Ms. Harris before her death. In her complaint, plaintiff sought to bring a defamation claim against the defendants. In the amended complaint, plaintiff complains of other alleged mistreatment by the defendants, none of which, even after affording plaintiff's allegations a broad interpretation, provides a basis for the exercise of this Court's jurisdiction. Plaintiff alleges an assortment of transgressions by defendants. Most of the allegations concern the home at 225-28 109 Avenue in Queens where defendants allegedly: (1) installed an alarm in July 2007 precluding plaintiff's entry, Am. Compl. at ¶1; (2) took plaintiff's personal property from the home and gave it others without plaintiff's permission, id. at ¶ 3; (3) told plaintiff that they had a court order giving them access to the house, id. at ¶ 4; (4) told the police that the house belonged to defendant Wright, id. at ¶ 4; (5) took a checkbook belonging to plaintiff's mother from the house and wrongly obtained information therefrom, id. at ¶ 8; (6) gave keys to the house to other

2

people without plaintiff's permission, id. at ¶ 10; and, (7) have caused "considerable harm and damage to the property." Plaintiff further alleges that defendant Beare "took plaintiff's mail." Id. at ¶ 2.

None of these allegations provide a basis for the exercise of the Court's subject matter jurisdiction. Most of these allegations could have been or should be raised with the local police or in state court. Moreover, even if the Court had subject matter jurisdiction over plaintiff's allegations and liberally construed them as a 42 U.S.C. § 1983 action alleging violations of her constitutional rights as plaintiff suggests, see Am. Compl. at ¶ 11, it would dismiss the action for failure to state a claim on which relief may be granted because the defendants are private parties, not state actors, and none of the allegations rise to the level of a constitutional violation. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994); 28 U.S.C. § 1915 (e)(2)(B)(ii).

## CONCLUSION

Accordingly, the action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
August 26, 2009